UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY NORMAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL NO. 2:11cv68 |
| | ) |
| C.R. ENGLAND TRUCKING COMPANY, | ) |
| PREMIERE COMMERCIAL DRIVING | ) |
| SCHOOL, EAGLE-ATLANTIC | ) |
| COLLECTIONS DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a motion to dismiss filed by the defendants, C.R. England, Inc. ("C.R. England") and Eagle Atlantic Financial Services, Inc., improperly named Eagle-Atlantic Collections Department ("Eagle Atlantic")[1], on August 18, 2011. The plaintiff, Anthony Norman ("Norman"), proceeding pro se, filed his response on October 6, 2011, to which the defendants replied on October 10, 2011.

Also before the court is a "Demand for Judgment", filed by Norman on September 6, 2011. The defendants replied to the motion on September 23, 2011, and Norman has declined to file a reply.

For the following reasons, the motion to dismiss will be granted and the demand for judgment will be denied.

---

[1] As noted in the response to the Plaintiff's Demand for Judgment, Premiere Commercial Driving School is not a proper defendant and thus did not file an individual response. Premier Truck Driving School is a department pf defendant C.R. England, Inc.

Discussion

Norman entitles his Complaint as a "Cause of Action for Fraudulent Inducement of Employment, Failure to Provide Contracted Service and Negligent Misrepresenta[t]ion Pursuant to Title VII of the Civil Rights Act and The Fair Labor Standards Act." (Complaint, p. 1.) He then states that he applied for a job with C.R. England in February 2009, who required him to attend a "refresher" class at Premiere Commercial Driving School. (Complaint, p. 3.) He claims that due to the economy and his lengthy trip to apply for the job, he was "compelled" to sign a contract that allowed him to spread the payments for the training out over a year period. (Complaint, p. 4.) Norman then alleges that his training was "flawed, disorganized, and a misrepresentation" of what the school promoted. (Complaint, p. 5.) He then admits that he failed a safety evaluation given by one of the school's trainers and that C.R. England terminated his employment at that time, several weeks after he began his training. (Complaint, pp. 5-6.)

Norman claims that C.R. England and Eagle Atlantic violated Title VII and the FLSA. He admits that he spoke with the EEOC and was told that the statute of limitations had run on his claims. (Complaint, p. 2.) Without filing anything with the EEOC, Norman then filed the present lawsuit on May 17, 2011.

In support of their motion to dismiss, the defendants first argue that Norman failed to timely exhaust his administrative remedies as required by Title VII.  A plaintiff making claims under Title VII cannot bring claims in a lawsuit that were not included in an EEOC charge. Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). Further, under Title VII, a plaintiff must file his EEOC Charge within 300 days "after the alleged unlawful employment practice occurred." Stepney v. Naperville School Dist., 392 F.3d 236, 239 (7th Cir.

2004); 42 U.S.C. § 2000e-5(e)(1). A plaintiff must first exhaust his administrative remedies, because "allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would frustrate the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge." Stepney, 392 F.3d at 239.

It is clear that Norman's Title VII claims fail as he failed to exhaust his administrative remedies. Norman admits in his Complaint that he did not file any Charge of Discrimination with the EEOC because he knew that the statute of limitation could not be tolled and had expired. (Complaint, p. 2.) Moreover, Norman is barred from filing any charge with the EEOC as the 300 days has passed since his termination in 2009. Therefore, Norman's Title VII claims fail to state a claim upon which relief can be granted for the failure to exhaust administrative remedies, and his Complaint will be dismissed with prejudice pursuant to Rule 12(b)(6).

The defendants further argue that Norman's Complaint fails to comply with the basic pleading requirements of Federal Rule of Civil Procedure 8 and fails to state a claim upon which relief can be granted.  Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim that shows Plaintiff is entitled to relief. To survive a motion to dismiss under that rule, a complaint must contain sufficient factual matter to state a claim of relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). This requires more than labels and conclusions—the factual allegations must be enough to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff's claim achieves plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for some alleged misconduct and requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 129 S. Ct. at 1949. Some

factual allegations may be so vague and tenuous that they fail to provide sufficient notice to the defendant of the plaintiff's claim. Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). Pro se litigants are not exempt from Rule 8's requirements. See Ali v. Gary Ind. Police Dep't, No. 2:08-CV-326-TS, 2009 U.S. Dist. Lexis 99124, at *4 (N.D. Ind. Oct. 23, 2009) (noting that pro se litigants are not exempt from procedural rules and dismissing the plaintiff's complaint for failure to comply with Rule 8).

   In the present case, Norman's Complaint provides no notice to C.R. England or Eagle Atlantic as to the legal claims being asserted against them. The Complaint contains no allegations of wrongdoing on the part of C.R. England or Eagle Atlantic. Norman makes vague representations about problems with his training at Premiere Commercial Driving School, but identifies no conduct by either C.R. England or Eagle Atlantic that he believes violated either Title VII or the FLSA. Norman's Complaint lacks any coherence and provides no information that would allow C.R. England or Eagle Atlantic to understand the legal claims Norman wishes to assert against them. The Complaint fails to allege any facts that entitle Norman to the relief requested, especially given that no theory of liability can be extracted from the disjointed paragraphs. Consequently, Norman's Complaint will be dismissed for this additional reason.

   Norman filed a "demand for judgment" on September 6, 2011.  Norman contends that "Premiere Driving School" has failed to file an answer.  However, as the defendants' exhibits show, Premier Truck Driving School is a department of C.R. England and is not capable of being sued.  The records with the Indiana Secretary of State show that C.R. England is doing business as Premier Truck Driving School in the state of Indiana.  Due to the common identity of C.R. England, Inc. and Premier Truck Driving School, the motion to dismiss (discussed above) was

filed on behalf of all the defendants in this case. Accordingly, Norman's demand for judgment will be denied.

## Conclusion

On the basis of the foregoing, the defendants' motion to dismiss [DE 17] is hereby GRANTED. Further, Norman's "Demand for Judgment" [DE 21] is hereby DENIED.

Entered: November 14, 2011.

s/ William C. Lee
William C. Lee, Judge
United States District Court
